UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                                      Case No. 6:24-cr-91-WWB-EJK

**JONATHAN CARRILLO,**

    **Defendant.**
_____/

**UNOPPOSED MOTION TO WITHDRAW
AND FOR SUBSTITUTION OF RETAINED COUNSEL**

The Federal Public Defender's Office through undersigned counsel of record respectfully moves to withdraw from further representation of the above-named defendant, to terminate further notification of electronic filing(s) in this matter, and to substitute Brice L. Aikens, Esquire, as counsels of record, and as grounds therefore respectfully states the following:

1. On April 24, 2024, at Mr. Carrillo's initial appearance hearing, the Magistrate Court entered an Order Appointing Federal Public Defender. Doc. 44.

2. On May 3, 2024, Brice L. Aikens, Esquire filed his Notice of Appearance in this case. Doc. 87.

3. Undersigned counsel conferred with Mr. Carrillo at his initial appearance regarding his intent to hire private counsel and at that time expressed his consent to the withdrawal of undersigned counsel.

4. Undersigned counsel has conferred with Megan Testerman, the Assistant United States Attorney in this case, and is authorized to state that the Government does not oppose the instant motion.

## MEMORANDUM OF LAW

The Sixth Amendment to the United States Constitution guarantees an accused the right to counsel and, if the accused is indigent and wishes counsel, an attorney must be appointed without cost. *Gideon v. Wainwright*, 372 U.S. 335 (1963). An accused also has the right to retain counsel of his or her own choice. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 150 (2006) (Erroneous deprivation of a criminal defendant's choice of counsel is structural error under the Sixth Amendment). In that regard, Mr. Carrillo has retained the services of counsel of his choice. Dual representation of an accused by private counsel and the Federal Public Defender (FPD) is unwarranted and an unnecessary expenditure of finite funds. The services of the FPD should therefore be terminated pursuant to 18 U.S.C. § 3006A(c). ("If at any time after the appointment of counsel the United States magistrate judge or the court finds that the person is financially able to obtain counsel or to make partial payment for the representation, it may terminate the appointment of counsel or authorize payment as provided in subsection (f), as the interests of justice may dictate."). Local Rule 2.03 provides that no attorney shall withdraw as counsel without written leave of Court and notice to opposing counsel and to the defendant.

-3-

Wherefore, undersigned counsel respectfully moves to withdraw from further representation of Mr. Carrillo, for substitution of retained counsel, Brice L. Aikens, Esquire to appear as counsel of record representing Mr. Carrillo in this case, and to terminate future notifications to undersigned counsel concerning this case.

A. FITZGERALD HALL, ESQ.
FEDERAL DEFENDER, MDFL

*/s/ Jenna N. Kelly*
Jenna N. Kelly, Esq.
Assistant Federal Defender
Florida Bar No. 0106365
201 South Orange Avenue, Suite 300
Orlando, FL 32801
Telephone: 407-648-6338
Fax: 407-648-6095
E-Mail: jenna_kelly@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing *Unopposed Motion to Withdraw and for Substitution of Retained Counsel* was submitted to the Clerk of Court using the CM/ECF system that will automatically send a notice of electronic filing to Brice L. Aikens, Esquire, Jonathan Carillo and Megan Testerman, Assistant United States Attorney, this 6th day of May 2024.

*/s/Jenna N. Kelly*
Jenna N. Kelly
Assistant Federal Defender