AF Approval  _JMH_                                   Chief Approval  _MPF_

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

UNITED STATES OF AMERICA

    v.                                    CASE NO. 6:24-cr-91-WWB-EJK

ABRYLE Y. DE LA CRUZ

### PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Roger Handberg, United States Attorney for the Middle District of Florida, and the defendant, ABRYLE Y. DE LA CRUZ, and the defendant's attorney, Ken Eulo, Esq., mutually agree as follows:

A.    **Particularized Terms**

    1.    <u>Count Pleading To</u>

The defendant shall enter a plea of guilty to Count One of the Indictment.  Count One charges the defendant with conspiracy to defraud the Internal Revenue Service, in violation of 18 U.S.C. § 371.

    2.    <u>Maximum Penalties</u>

Count One carries a maximum sentence of five years' imprisonment; a fine of $250,000, or twice the gross gain caused by the offense, or twice the gross loss caused by the offense, whichever is greater; a term of supervised release of not more than three years, and a special assessment of $100.

Defendant's Initials  _AD_

With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

3.    Elements of the Offenses

The defendant acknowledges understanding the nature and elements of the offense to which the defendant is pleading guilty.  The elements of Count One are:

| | | |
|---|---|---|
| First: | | two or more people in some way agreed to try to accomplish a shared and unlawful plan; |
| Second: | | the defendant knew the unlawful purpose of the plan and willfully joined in it; |
| Third: | | during the conspiracy, one of the conspirators knowingly engaged in at least one overt act described in the Indictment; and |
| Fourth: | | the overt act was knowingly committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy. |

4.    Counts Dismissed

At the time of sentencing, the remaining counts against the defendant, Counts Eight through Twelve, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

Defendant's Initials _AD_                        2

5.    <u>No Further Charges</u>

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6.    <u>Guidelines Sentence</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement.  The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

7.    <u>Acceptance of Responsibility – Three Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level

Defendant's Initials _AD_                     3

downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a).  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8.  <u>Restitution</u>

Pursuant to 18 U.S.C. § 3663A and 18 U.S.C. § 3663(a) and (b), the defendant agrees to make full restitution to the Internal Revenue Service in the amount of $2,904,449.

Defendant's Initials ___AD___                4

a.     The defendant agrees the total amount of restitution reflected in this agreement results from her fraudulent conduct.

b.     The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

c.     If full payment cannot be made immediately, the defendant agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS (including, but not limited to, IRS Form 433-A and Form 433-B, as appropriate), and to disclose to the IRS any and all additional financial information and financial statements provided to the probation office. The defendant also agrees to provide the above-described information to the probation office.

d.     If the defendant makes a payment of the restitution agreed to in this section prior to sentencing, the payment will be applied as a credit against the restitution ordered pursuant to this section.

Defendant's Initials _____     5

e.      The defendant agrees to send all payments made pursuant to the court's restitution order to the Clerk of the Court at the following address:

> 401 West Central Boulevard
> Orlando, Florida 32801

f.      With each payment to the Clerk of the Court made pursuant to the Court's restitution order, the defendant will provide the following information: (1) the defendant's name and Social Security number; (2) the Court and docket number assigned to this case; (3) the tax years or periods for which restitution has been ordered; and (4) a statement that the payment is being submitted pursuant to the Court's restitution order.

g.      The defendant agrees to include a request that the Clerk of the Court send the information, along with the defendant's payments, to the IRS address below:

> IRS – RACS
> Attn: Mail Stop 6261, Restitution
> 333 W. Pershing Ave.
> Kansas City, MO 64108

Defendant's Initials _AD_                    6

h.    The defendant also agrees to send a notice of any payments made pursuant to this agreement, including the information listed in the previous paragraph, to the IRS at the following address:

IRS – RACS
Attn: Mail Stop 6261, Restitution
333 W. Pershing Ave.
Kansas City, MO 64108

B.    **Standard Terms and Conditions**

1.    <u>Restitution, Special Assessment and Fine</u>

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement.  The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to,

Defendant's Initials _AD_                                    7

garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. To ensure that this obligation is satisfied, the Defendant agrees to deliver a check or money order to the Clerk of the Court in the amount of $100, payable to "Clerk, U.S. District Court" within ten days of the change of plea hearing.

The defendant understands that this agreement imposes no limitation as to fine.

2. _Supervised Release_

The defendant understands that the offense to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. _Immigration Consequences of Pleading Guilty_

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

Defendant's Initials _AD_                    8

4.     Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.     Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third

Defendant's Initials _AD_                    9

parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.    <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant

Defendant's Initials AD                    10

further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.   Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by

Defendant's Initials _AD_                    11

18 U.S.C. § 3742(b), then the defendant is released from this waiver and may

appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.   <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of

the United States Attorney for the Middle District of Florida and cannot bind

other federal, state, or local prosecuting authorities, although this office will bring

defendant's cooperation, if any, to the attention of other prosecuting officers or

others, if requested.

9.   <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in</u>

<u>camera</u>, in whole or in part, upon a showing of good cause, and filed in this

cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.   <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this

agreement and is pleading guilty freely and voluntarily without reliance upon any

discussions between the attorney for the government and the defendant and

defendant's attorney and without promise of benefit of any kind (other than the

concessions contained herein), and without threats, force, intimidation, or

coercion of any kind.  The defendant further acknowledges defendant's

understanding of the nature of the offenses to which defendant is pleading guilty

Defendant's Initials _AD_                    12

and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

Defendant's Initials _AD_                    13

11.   <u>Factual Basis</u>

Defendant is pleading guilty because defendant is in fact guilty.  The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12.   <u>Entire Agreement</u>

This plea agreement, including Exhibit A, constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials _AD_                14

13.     Certification

The defendant and defendant's counsel certify that this plea

agreement has been read in its entirety by (or has been read to) the defendant and

that defendant fully understands its terms.

DATED this 12 day of August, 2024.

ROGER HANDBERG
United States Attorney


_____
ABRYLE Y. DE LA CRUZ
Defendant

_____
Ken Eulo, Esq.
Attorney for Defendant


_____
Sarah Megan Testerman
Assistant United States Attorney


_____
Michael P. Felicetta
Assistant United States Attorney
Chief, Orlando Division


Defendant's Initials _AD_                   15

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                CASE NO. 6:24-cr-91-WWB-EJK

ABRYLE Y. DE LA CRUZ

PERSONALIZATION OF ELEMENTS

As to Count One:

1.    Do you admit that in the Middle District of Florida, from at least in or about January 2017 and continuing through at least in or about April 2020, you and at least one other person in some way agreed to try to accomplish a shared and unlawful plan?

2.    Do you admit that you knew the unlawful purpose of the plan and willfully joined in it?

3.    Do you admit that during the conspiracy, you knowingly engaged in at least one of the overt acts described in the Indictment?

4.    Do you admit that the overt act was knowingly committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy?

Defendant's Initials _AD_                16

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

    v.                      CASE NO. 6:24-cr-91-WWB-EJK

ABRYLE Y. DE LA CRUZ

## **FACTUAL BASIS**

Beginning no later than August 2016, and continuing until at least August 2020, in the Middle District of Florida, the defendant, Abryle Y. de la CRUZ, knowingly and willfully conspired with Franklin L. Carter Jr. ("Carter"), Emmanuel M. Almonor ("Almonor"), Jonathan Carrillo ("Carrillo"), Diandre Terrel Mentor ("Mentor"), Adon O'Brien Hemley ("Hemley"), Isaiah Hayes ("Hayes"), Kaylah Dacosta ("Dacosta"), and other individuals to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful government functions of the U.S. Internal Revenue Service ("IRS") in the ascertainment, computation, assessment, and collection of federal income taxes. CRUZ and the other co-conspirators promoted and executed a scheme to unlawfully enrich themselves and others by making false claims to the IRS for tax refunds.

Defendant's Initials __AD__      17

Specifically, CRUZ and her co-conspirators prepared and filed, and caused to be prepared and filed, false and fraudulent U.S. Individual Income Tax Returns ("Forms 1040"), Schedule A forms, and Schedule C forms. The Schedule A forms falsely claimed, among other items, unreimbursed employee expenses, other taxes, and gifts to charity. The Schedule C forms falsely claimed, among other items, business income, business expenses, and business losses. The falsely claimed items in turn falsely reduced the taxpayers' stated income and enabled them to receive increased refunds to which they were not entitled. Because of the excessive tax refunds the members of the conspiracy obtained for taxpayers, they were able to charge high fees to the taxpayers that unjustly enriched the members of the conspiracy.

Between about January 2017 and 2019, CRUZ worked for a tax preparation company owned and operated by Carter, Almonor, and Carrillo named Neighborhood Advance Tax, LLC ("NAT"). During this time, Carter, Almonor, Carrillo, Mentor, and other conspirators held periodic training sessions at which they taught other NAT employees how to prepare fraudulent tax returns. Specifically, these trainings taught CRUZ and other NAT employees to falsify items on Schedule A and Schedule C forms in order to maximize each taxpayer's return. The trainings taught CRUZ and other NAT employees that by

Defendant's Initials _AO_      18

obtaining higher returns for taxpayers, they could then charge higher fees of up to $999 per return, of which fees CRUZ and other NAT tax preparers received a set percentage (often 15%). The trainings further instructed CRUZ and other NAT employees to, among other things, intentionally use non-even numbers on the tax returns when falsifying amounts so that the claimed amounts appeared more legitimate.

CRUZ began preparing tax returns in 2017 while working at NAT, and she worked for the Sanford store from 2017 through 2019. CRUZ was also a manager at the NAT office in Sanford in 2018 and 2019. As a manager, CRUZ reviewed returns prepared by other preparers and attended and assisted at the NAT trainings. Between 2017 and 2019, while working at NAT, CRUZ falsified information in Schedule A and Schedule C forms for dozens of tax returns to fraudulently maximize taxpayers' refunds. The total tax loss for which CRUZ was responsible while she was working for NAT was $1,243,136.

Some of the fraudulent tax returns that CRUZ filed while working for NAT were the following:

Defendant's Initials ___AD___          19

| Date Filed | Taxpayer | Tax Year and Form | Amount of Schedule A Itemized Deductions Reported | Tax Loss to IRS Resulting from Return |
|---|---|---|---|---|
| 3/29/2018 | D.A. and D.A. | 2017 Form 1040 | $39,722 | $4,057 |
| 2/18/2019 | D.A and D.A. | 2018 Form 1040 | $51,845 | $3,342 |
| 9/25/2019 | H.W. | 2018 Form 1040 | $31,749 | $2,363 |

In 2020, CRUZ was the co-owner of Advanced Tax Specialists ("ATS"), another tax preparation business. CRUZ taught the other co-owners how to prepare tax returns and trained the preparers. Then, in 2021, CRUZ left ATS to start Taxmates ("TM") with Carter. While working for TM, CRUZ continued to prepare and file fraudulent tax returns on taxpayers' behalf. She also trained and caused other TM employees to prepare and file fraudulent tax returns on taxpayers' behalf. The total tax loss for which CRUZ was responsible while she worked for TM was $1,661,313.

Some of the fraudulent tax returns that CRUZ filed while working for ATS and TM were the following:

Defendant's Initials ___AD___          20

| Date Filed | Taxpayer | Tax Year and Form | Amount of Schedule A Itemized Deductions and/or Schedule C Losses Reported | Tax Loss to IRS Resulting from Return |
|---|---|---|---|---|
| 4/15/2020 | R.B. | 2019 Form 1040 | $24,086 | $1,257 |
| 4/3/2021 | R.B. | 2020 Form 1040 | $-5,709 | $703 |

In sum, the total tax loss for which CRUZ is responsible, including both the NAT conspiracy and the TM relevant conduct, is $2,904,449.

The above is merely a summary of some of the events, some of the persons involved, and other information relating to this case. It does not include, nor is it intended to include, all the events, persons involved, or other information relating to this case.

Defendant's Initials ___AD___        21