UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                 CASE NO. 6:24-cr-91-WWB-EJK

ADON O. HEMLEY

**NOTICE OF MAXIMUM PENALTIES, ELEMENTS OF OFFENSE, PERSONALIZATION OF ELEMENTS AND FACTUAL BASIS**

The United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, hereby files this Notice of Maximum Penalties, Elements of Offense, Personalization of Elements and Factual Basis, stating as follows:

**ESSENTIAL ELEMENTS**

The essential elements of Count One, conspiracy to defraud the Internal Revenue Service, in violation of 18 U.S.C. § 371, are as follows in accordance with Eleventh Circuit Pattern Jury Instruction O13.1 (2024):

<u>First</u>:     two or more people in some way agreed to try to accomplish a shared and unlawful plan;

<u>Second</u>:     the defendant knew the unlawful purpose of the plan and willfully joined in it;

<u>Third</u>:     during the conspiracy, one of the conspirators knowingly engaged in at least one overt act described in the Indictment; and

<u>Fourth</u>:     the overt act was knowingly committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

The essential elements of Count Thirteen, aiding in the preparation and presentation of false tax returns, in violation of 26 U.S.C. § 7206(2), are as follows in accordance with Eleventh Circuit Pattern Jury Instruction O109.2 (2024):

<u>First</u>: the defendant aided in, assisted in, procured, counseled, or advised on the preparation or presentation of a return arising under the Internal Revenue laws;

<u>Second</u>: this return falsely stated that the itemized deductions (from Schedule A) were $43,206 during the year 2017;

<u>Third</u>: the defendant knew that the statement in the return was false;

<u>Fourth</u>: the false statement was material; and

<u>Fifth</u>: the defendant did so with the intent to do something the defendant knew the law forbids.

The essential elements of Count Fourteen, aiding in the preparation and presentation of false tax returns, in violation of 26 U.S.C. § 7206(2), are as follows in accordance with Eleventh Circuit Pattern Jury Instruction O109.2 (2024):

<u>First</u>: the defendant aided in, assisted in, procured, counseled, or advised on the preparation or presentation of a return arising under the Internal Revenue laws;

<u>Second</u>: this return falsely stated that the itemized deductions (from Schedule A) were $28,720 during the year 2018;

<u>Third</u>: the defendant knew that the statement in the return was false;

<u>Fourth</u>: the false statement was material; and

> Fifth: the defendant did so with the intent to do something the defendant knew the law forbids.

## PENALTY

The penalties for the offense charged in Count One of the Indictment are a maximum sentence of five years' imprisonment, *see* 18 U.S.C. § 371; a fine of $250,000, or twice the gross gain caused by the offense, or twice the gross loss caused by the offense, whichever is greater, *see* 18 U.S.C. §§ 3571(b)(3) and 3571(d); a term of supervised release of not more than three years, *see* 18 U.S.C. §§ 3559(a)(4) and 3583(b)(2); and a special assessment of $100, *see* 18 U.S.C. § 3013(a)(2)(A).

The penalties for the offenses charged in Counts Thirteen and Fourteen of the Indictment are a maximum sentence of three years' imprisonment, *see* 26 U.S.C. § 7206; a fine of $250,000, or twice the gross gain caused by the offense, or twice the gross loss caused by the offense, whichever is greater, *see* 18 U.S.C. §§ 3571(b)(3) and 3571(d); a term of supervised release of not more than one year, *see* 18 U.S.C. §§ 3559(a)(5) and 3583(b)(3); and a special assessment of $100, *see* 18 U.S.C. § 3013(a)(2)(A).

Additionally, the defendant must pay restitution to the Internal Revenue Service pursuant to 18 U.S.C. § 3663A.

## **PERSONALIZATION OF ELEMENTS**

<u>As to Count One:</u>

     1.     Do you admit that in the Middle District of Florida, from at least in or about January 2018 and continuing through at least in or about March 2019, you and at least one other person in some way agreed to try to accomplish a shared and unlawful plan?

     2.     Do you admit that you knew the unlawful purpose of the plan and willfully joined in it?

     3.     Do you admit that during the conspiracy, you knowingly engaged in at least one of the overt acts described in the Indictment?

     4.     Do you admit that the overt act was knowingly committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy?

<u>As to Count Thirteen:</u>

     1.     On or about April 17, 2018, in the Middle District of Florida, did you aid in, assist in, procure, counsel, or advise on the preparation or presentation of a 2017 U.S. Individual Income Tax Return Form 1040 for taxpayers M.A. and E.O. arising under the Internal Revenue laws?

     2.     Did the 2017 Form 1040 falsely state that the itemized deductions (from Schedule A) were $43,206?

     3.     Did you know that the statement in the 2017 Form 1040 was false?

     4.     Was the false statement material?

      5.      Did you do so with the intent to do something you knew the law forbids?

<u>As to Count Fourteen</u>:

      1.      On or about January 22, 2019, in the Middle District of Florida, did you aid in, assist in, procure, counsel, or advise on the preparation or presentation of a 2018 U.S. Individual Income Tax Return Form 1040 for taxpayer F.L. arising under the Internal Revenue laws?

      2.      Did the 2018 Form 1040 falsely state that the itemized deductions (from Schedule A) were $28,720?

      3.      Did you know that the statement in the 2018 Form 1040 was false?

      4.      Was the false statement material?

      5.      Did you do so with the intent to do something you knew the law forbids?

## FACTUAL BASIS

Beginning in or around January 2018, and continuing until at least in or about March 2019, in the Middle District of Florida, the defendant, Adon O. HEMLEY, knowingly and willfully conspired with Franklin L. Carter Jr. ("Carter"), Emmanuel M. Almonor ("Almonor"), Jonathan Carrillo ("Carrillo"), Diandre T. Mentor ("Mentor"), Isaiah J. Hayes ("Hayes"), Abryle Y. de la Cruz ("Cruz"), Kaylah Dacosta ("Dacosta"), and other individuals to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful government functions of the U.S. Internal Revenue Service ("IRS") in the ascertainment,

computation, assessment, and collection of federal income taxes. HEMLEY and the other co-conspirators promoted and executed a scheme to unlawfully enrich themselves and others by making false claims to the IRS for tax refunds.

Specifically, HEMLEY and his co-conspirators prepared and filed, and caused to be prepared and filed, false and fraudulent U.S. Individual Income Tax Returns ("Forms 1040"), Schedule A forms, and Schedule C forms.  The Schedule A forms falsely claimed, among other items, unreimbursed employee expenses, other taxes, and gifts to charity. The Schedule C forms falsely claimed, among other items, business income, business expenses, and business losses. The falsely claimed items in turn falsely reduced the taxpayers' stated income and enabled them to receive increased refunds to which they were not entitled. Because of the excessive tax refunds the members of the conspiracy obtained for taxpayers, they were able to charge high fees to the taxpayers that unjustly enriched the members of the conspiracy.

Starting in early 2018 and continuing through early 2019, HEMLEY worked for a tax preparation company owned and operated by Carter, Almonor, and Carrillo named Neighborhood Advance Tax, LLC ("NAT").  During this time, Carter, Almonor, Carrillo, and other conspirators held periodic training sessions at which they taught other NAT employees how to prepare fraudulent tax returns. Specifically, these trainings taught HEMLEY and other NAT employees to falsify items on Schedule A and Schedule C forms in order to maximize each taxpayer's return.  The trainings taught HEMLEY and other NAT employees that by obtaining

higher returns for taxpayers, they could then charge higher fees of up to $999 per return, of which fees HEMLEY and other NAT tax preparers received a set percentage (often 15%). The trainings further instructed HEMLEY and other NAT employees to, among other things, intentionally use non-even numbers on the tax returns when falsifying amounts so that the claimed amounts appeared more legitimate.

HEMLEY began preparing tax returns in early 2018. While working at NAT, HEMLEY falsified information in Schedule A and Schedule C forms for dozens of tax returns to fraudulently maximize taxpayers' refunds. HEMLEY was also a manager of a NAT office in Orlando in 2019. While manager of this office, HEMLEY continued to prepare and file fraudulent tax returns on taxpayers' behalf and oversaw the returns prepared at his office. The total tax loss for which HEMLEY was responsible while he was working for NAT was $232,868.

Some of the fraudulent tax returns that HEMLEY filed while working for NAT were the following, which included material statements concerning itemized deductions (from Schedule A) that HEMLEY knew were false:

| Date Filed | Taxpayer | Tax Year and Form | Amount of Schedule A Itemized Deductions Reported | Tax Loss to IRS Resulting from Return |
|---|---|---|---|---|
| 4/17/2018 | M.A. and E.O. | 2017 Form 1040 | $43,206 | $3,692 |
| 1/22/2019 | F.L. | 2018 Form 1040 | $28,720 | $1,838 |

7

In filing these false returns, HEMLEY did so with the intent to do something he knew that the law forbids.

In or around early 2020, HEMLEY and Mentor started their own tax preparation business, Smart Tax & Finance ("STF"), in Miami, Florida. In 2020, HEMLEY and Mentor owned one tax office in South Florida where they prepared false returns and trained their employees to prepare fraudulent tax returns for clients similar to the fraudulent Schedule A deductions claimed by NAT. Once Almonor became involved in STF, they sold a number of STF franchises throughout Central Florida. In 2021, STF expanded to 12 locations throughout South and Central Florida, and HEMLEY, Mentor, and Almonor trained STF franchise owners and employees to prepare false returns for clients with false Schedule Cs. The total tax loss for which HEMLEY was responsible while working for STF was $2,147,542.

In sum, the total tax loss for which HEMLEY is responsible, including both the NAT conspiracy and the STF relevant conduct, is $2,380,410.

        Respectfully submitted,

        ROGER B. HANDBERG
        United States Attorney

By:   */s/ Sarah Megan Testerman*
       Sarah Megan Testerman
       Assistant United States Attorney
       Florida Bar No. 0124884
       400 W. Washington Street, Suite 3100
       Orlando, Florida 32801
       Telephone: (407) 648-7500
       Facsimile: (407) 648-7643
       E-mail: megan.testerman@usdoj.gov

U.S. v. Adon O. Hemley                    Case No. 6:24-cr-91-WWB-EJK

# CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Mark J. O'Brien
Attorney for Defendant

                                                   */s/ Sarah Megan Testerman*
                                                   Sarah Megan Testerman
                                                   Assistant United States Attorney
                                                   Florida Bar No. 0124884
                                                   400 W. Washington Street, Suite 3100
                                                   Orlando, Florida 32801
                                                   Telephone:  (407) 648-7500
                                                   Facsimile:   (407) 648-7643
                                                   E-mail: megan.testerman@usdoj.gov