UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA   :
                                         :
                                         :

v.   :   Case No.:  6:24-CR-91-WWB-EJK
                                         :
                                         :

ADON O. HEMLEY   :
_____:

**DEFENDANT ADON O. HEMLEY'S**
**UNOPPOSED MOTION TO CONTINUE TRIAL**

COMES NOW, the Defendant, ADON O. HEMLEY, by and through his undersigned counsel, and hereby files this his unopposed motion to continue his trial to the January 2025 term, and in support states as follows:

1.   The Defendant is scheduled for trial during the December trial term commencing on December 2, 2024.

2.   On November 12, 2024, the trials of the Defendant's codefendants were continued until the January 2025 term, with a status conference scheduled for December 10, 2024, at 9:30 am.

3.   The Defendant will be on court-approved holiday travel from early on November 21, 2024, through December 1, 2024.

4.   A continuance is necessary to allow time for a guilty plea hearing to take place in early December 2025.

      a.      The Defendant filed a separate motion to continue the guilty plea hearing currently scheduled for November 20, 2024.

5.      The Defendant does not oppose this motion.

6.      The Government does not oppose this motion.

MEMORANDUM OF LAW

Middle District of Florida Local Rule 3.09 generally prohibits counsel from stipulating to a continuance of a trial term. However, Local Rule 3.09 does provide that the district court may grant such request for good cause.

In the *United States v. Uri Ammar*, Eleventh Circuit Court of Appeals Case Number 13-12044, the Eleventh Circuit Court of Appeals ruled continuance motions were guided language of the Speedy Trial Act and the Supreme Court of the United States' interpretation of that language in *Zedner v. United States*, 547 U.S. 489, 126 S. Ct. 1976 (2006). The Speedy Trial Act states a delay resulting from a continuance either by the district court or at the request of a party is excludable from the 70-day period if the trial court puts on the record its reasons for finding that the ends of justice are served by the granting of a continuance outweigh the public's and defendant's interests in a speedy trial. *Id*. *Zedner* makes clear that the findings must be expressly made on the record. Additionally, *Zedner* held that the government and a defendant may not simply agree to a continuance and thus waive the Act's 70-day requirement without the above finding by a district court. Hence, a district court's finding that a continuance is justified solely because the parties agreed to the continuance is not a proper ends-of-justice finding.

3

4

Therefore, in this matter, this Honorable Court should rule that the ends of justice are served by granting a continuance of the Defendant's trial because an end of justice finding outweighs the public and the defendant's interest in a speedy trial. For the foregoing reasons, the undersigned respectfully suggests that good cause has been shown and requests a continuance of trial.

## <u>CONCLUSION</u>

WHEREFORE, the Defendant, ADON O. HEMLEY, by and through his undersigned counsel prays this Honorable Court will grant the requested relief and/or any other relief deemed necessary.

Respectfully submitted,

<u>By: /s/ Mark J. O'Brien</u>
Mark J. O'Brien, Esquire
Florida Bar No.: 0160210
511 West Bay Street
Suite 330
Tampa, Florida 33606
T:      (813) 228-6989
E:      mjo@markjobrien.com

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on November 14, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will then send notice of electronic filing to all counsel of record.

By: /s/ Mark J. O'Brien
Mark J. O'Brien, Esquire