UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

    v.                                      CASE NO. 6:24-cr-91-WWB-UAM

FRANKLIN L. CARTER JR.
JONATHAN CARRILLO

**UNITED STATES' MOTION FOR PRETRIAL RULING ON ADMISSIBILITY OF CERTIFIED BUSINESS RECORDS**

The United States of America, by Gregory W. Kehoe, United States Attorney for the Middle District of Florida, respectfully requests that the Court make a pretrial ruling regarding the admissibility of self-authenticating records that the government intends to introduce at trial. Specifically, the government requests that the Court rule that identified records of regularly conducted business activity are authentic under Federal Rule of Evidence 902(11) and fall under an exception to the hearsay rule under Rule 803(6), such that the records custodians need not testify at trial. Accordingly, and to avoid unnecessary travel by witnesses, the United States respectfully requests that this Court rule in advance of trial as to the authenticity and admissibility of these records.

**BACKGROUND**

A trial in this matter is set as to defendants Franklin L. Carter Jr. and Jonathan Carrillo for charges of conspiracy to defraud the Internal Revenue Service, in violation of 18 U.S.C. § 371 (both defendants); aiding in the preparation and presentation of false tax returns, in violation of 26 U.S.C. § 7206(2) (Jonathan Carrillo); and failure to file an income tax return, in violation of 26 U.S.C. § 7203 (Franklin Carter). In preparation for trial, on February 6, 2025, the government provided defense counsel with written notice

of the government's intent to introduce at trial the following self-authenticating certified business records under Federal Rules of Evidence 803(6) and 902(11):

    (1)    Wells Fargo Bank: financial records for Neighborhood Advance Tax's bank accounts ending *0705, *0713, *0739, *0747, *6659, *6667, *6709, *3493, *9263, *9271, *9289, and *9642; Franklin Carter's bank account ending *0697; Jonathan Carrillo's bank accounts ending *7904, *2489, *2021, and *5510; Emmanuel Almonor's bank account ending *4958; and Omega's bank account ending *3369.

    (2)    Truist Bank (f.k.a. SunTrust Bank and BB&T Bank): financial records for Neighborhood Advance Tax's bank accounts ending *1739, *1747, *1754, *1762, *1895, *1903, *1911, *1929, *1937, *4190, *4204, *4212, *4220, *4239, *4247, *5782, *5790, *5804, and *5812; and Franklin Carter's bank account ending *1945.

    (3)    Bank of America: financial records for Neighborhood Advance Tax's bank accounts ending *1587, *1613, *2800, *4144, *5055, *7742, *9306, and *0792; Franklin Carter's bank account ending *9484; Jonathan Carrillo's bank account ending *2011; and Omega's bank account ending *0883.

    (4)    EPS Financial: records related to the payment of tax refunds to clients and fees requested and received by Neighborhood Advance Tax.

    (5)    Neighborhood Advance Tax: a training manual related to the operations of Neighborhood Advance Tax.

    (6)    Ally Bank: records pertaining to the purchase of a luxury vehicle by Franklin L. Carter Jr.

    (7)    Americas Credit Union: records pertaining to the lease and purchase of a luxury vehicle by Franklin L. Carter Jr.

    (8)    Specialty Auto Leasing: records pertaining to the purchase of two luxury vehicles by Franklin L. Carter Jr.

    (9)    Adrienne Salomon Living Trust: records pertaining to the purchase of a condominium by Franklin L. Carter Jr.

    (10)    American Express: credit card records for Franklin L. Carter Jr.

    (11)    Angel Oak Mortgage: records pertaining to the purchase of a condominium by Franklin L. Carter Jr.

In the written notice, the government referred defense counsel to the Bates numbers of

the records custodians' certifications prepared in accordance with Federal Rule of Evidence 902(11), which were provided in discovery, as well as to the location in the discovery materials of the Native file formats of the certified records. The government also provided copies of additional certifications that had not been previously produced. A copy of the written notice is attached to this motion as Exhibit A, and the certifications are attached as Exhibit B.

The government requested that defense counsel advise the government by February 12, 2025, if defense counsel had any issues as to the authenticity of these documents so the government could file a formal motion with the Court, arrange for records custodian witnesses to attend trial, or both. Having received no response to this written notice from defense counsel, the government followed up by phone and email with defense counsel. On May 9, 2025, defense counsel for Franklin Carter advised he had no objection as to the authenticity of these documents. On May 12, 2025, defense counsel for Jonathan Carrillo advised that he did not have "any position" as to the "business record certifications." Given the lack of stipulation as to the authenticity of these records, this motion follows.

## ARGUMENT

The government intends to introduce at trial certified records of regularly conducted business activity. The records of regularly conducted business activity are authentic under Federal Rule of Evidence 902(11) and qualify under the exception to the hearsay rule under Rule 803(6). The government therefore requests that the Court make a pretrial ruling that the government may introduce such records at trial without presenting testimony from the records custodians.

The government submits that such a ruling would serve the interests of efficiency, streamline the trial, and conserve the time and resources of the Court, parties, and witnesses. Indeed, if the Court rules that witnesses do not need to testify regarding the authenticity of the records, the government would no longer need to call approximately eleven records custodian witnesses presently subpoenaed to testify at trial. The government does, however, intend to introduce at trial witness testimony regarding the relevance of the records and therefore does not seek the Court's rulings regarding relevance before trial.

Records of regularly conducted business activity—also known as business records—are self-authenticating, and when accompanied by a certification of a records custodian, do not require live testimony regarding authenticity to be admitted into evidence. Fed. R. Evid. 902(11). Rule 902(11) requires that the proponent of the evidence give the opposing party "reasonable written notice of the intent to offer the record—and must make the record and certification available for inspection—so that the party has a fair opportunity to challenge them." *Id.*

Business records are admissible under an exception to the hearsay rule pursuant to Federal Rule of Evidence 803(6), which provides that such records are admissible if the following criteria are satisfied:

(A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;

(B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;

(C) making the record was a regular practice of that activity;

(D) all these conditions are shown by the testimony of the custodian or

        another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

(E)    the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6). The introduction of business records pursuant to Federal Rule of Evidence 902(11) certifications does not implicate the Confrontation Clause because business records certifications are not testimonial. *See United States v. Clotaire*, 963 F.3d 1288, 1296 (11th Cir. 2020) ("[W]e join other circuits in concluding that business records certifications are not testimonial." (citing *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 322-23 (2009))); *see also United States v. Lezcano*, 296 F. App'x 800, 808 (11th Cir. 2008).

      The records listed above from Wells Fargo Bank, Truist Bank, Bank of America, EPS Financial, Neighborhood Advance Tax, Ally Bank, Americas Credit Union, Special Auto Leasing, Adrienne Salomon Living Trust, American Express, and Angel Oak Mortgage are self-authenticating business records under Federal Rules of Evidence 803(6) and 902(11). The government provided defense counsel with reasonable written notice of its intent to introduce the records using certifications on February 6, 2025, and has previously provided both the records and certifications to defense counsel. *See* Ex. A; Ex. B. In sum, these records are admissible without need of live witness testimony under the Federal Rules of Evidence.

      Pursuant to the Court's Criminal Scheduling Order and Local Rule 3.01(g), counsel for the government conferred with defense counsel via phone and email as to their position on the authenticity of the records described in the written notice, and although defense counsel for Franklin L. Carter Jr. had no objection, defense counsel

5

for Jonathan Carrillo did not take a position on the authenticity of the records.

For the foregoing reasons, the government respectfully requests that the Court rule that the records of regularly conducted business activity are authentic and fall under an exception to the hearsay rule, such that the records custodians need not testify at trial.

                                        Respectfully submitted,

                                        GREGORY W. KEHOE
                                        United States Attorney

By:   */s/ Sarah Megan Testerman*
       Sarah Megan Testerman
       Assistant United States Attorney
       Florida Bar No. 0124884
       400 W. Washington Street, Suite 3100
       Orlando, Florida 32801
       Telephone:  (407) 648-7500
       Fax:          (407) 648-7643
       E-mail:      megan.testerman@usdoj.gov

**U.S. v. Franklin L. Carter Jr. et al.**             **Case No. 6:24-cr-91-WWB-UAM**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 13, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Matthew Ferry
Attorney for Franklin L. Carter Jr.

Brice Aikens, Esq.
Attorney for Jonathan Carrillo

*/s/ Sarah Megan Testerman*
Sarah Megan Testerman
Assistant United States Attorney
Florida Bar No. 0124884
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone:     (407) 648-7500
Facsimile:      (407) 648-7643
E-mail: megan.testerman@usdoj.gov
