UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 6:24-cr-91-WWB-UAM

FRANKLIN L. CARTER JR.

### NOTICE OF MAXIMUM PENALTIES, ELEMENTS OF OFFENSE, PERSONALIZATION OF ELEMENTS AND FACTUAL BASIS

The United States of America, by Gregory W. Kehoe, United States Attorney for the Middle District of Florida, hereby files this Notice of Maximum Penalties, Elements of Offense, Personalization of Elements and Factual Basis, stating as follows:

### ESSENTIAL ELEMENTS

The essential elements of Count One of the Superseding Indictment, conspiracy to defraud the Internal Revenue Service, in violation of 18 U.S.C. § 371, are as follows in accordance with Eleventh Circuit Pattern Jury Instruction O13.1 (2024):

| | | |
|---|---|---|
| First: | two or more people in some way agreed to try to accomplish a shared and unlawful plan; |
| Second: | the defendant knew the unlawful purpose of the plan and willfully joined in it; |
| Third: | during the conspiracy, one of the conspirators knowingly engaged in at least one overt act described in the Indictment; and |

<u>Fourth</u>: the overt act was knowingly committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

The essential elements of Counts Eight and Nine of the Superseding Indictment, failure to file an income tax return, in violation of 26 U.S.C. § 7203, are as follows in accordance with Eleventh Circuit Pattern Jury Instruction O108 (2024):

<u>First</u>: the Defendant was required by law or regulation or file an income tax return for the taxable year charged;

<u>Second</u>: the Defendant failed to file a return when required by law; and

<u>Third</u>: at the time the Defendant failed to file the return, he knew he was required by law to file a return.

## **PENALTY**

The penalties for the offense charged in Count One of the Superseding Indictment are a maximum sentence of five years' imprisonment, *see* 18 U.S.C. § 371; a fine of $250,000, or twice the gross gain caused by the offense, or twice the gross loss caused by the offense, whichever is greater, *see* 18 U.S.C. §§ 3571(b)(3) and 3571(d); a term of supervised release of not more than three years, *see* 18 U.S.C. §§ 3559(a)(4) and 3583(b)(2); and a special assessment of $100, *see* 18 U.S.C. § 3013(a)(2)(A).

The penalties for the offenses charged in Counts Eight and Nine of the Superseding Indictment are a maximum sentence of one year imprisonment, *see* 26 U.S.C. § 7203; a fine of $100,000, or twice the gross gain caused by the offense, or twice the gross loss caused by the offense, whichever is greater, *see* 18 U.S.C. §§

3571(b)(5) and 3571(d); a term of supervised release of not more than one year, *see* 18 U.S.C. §§ 3559(a)(6) and 3583(b)(3); and a special assessment of $25, *see* 18 U.S.C. § 3013(a)(1)(A)(iii).

Additionally, the defendant must pay restitution to the Internal Revenue Service pursuant to 18 U.S.C. § 3663A.

## **PERSONALIZATION OF ELEMENTS**

As to Count One:

1. Do you admit that in the Middle District of Florida, from at least in or about January 2018 and continuing through at least in or about March 2019, you and at least one other person in some way agreed to try to accomplish a shared and unlawful plan?

2. Do you admit that you knew the unlawful purpose of the plan and willfully joined in it?

3. Do you admit that during the conspiracy, you knowingly engaged in at least one of the overt acts described in the Indictment?

4. Do you admit that the overt act was knowingly committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy?

As to Count Eight:

1. Do you admit that in the Middle District of Florida, on or about April 15, 2020, and July 15, 2020, you were required to file an income tax return for the tax year 2019?

2. Do you admit that you failed to file the return on or about April 15, 2020, and July 15, 2020?

3. Do you admit that at the time you failed to file the return, you know you were required by law to file the return?

As to Count Nine:

1. Do you admit that in the Middle District of Florida, on or about April 15, 2021, and May 17, 2021, you were required to file an income tax return for the tax year 2020?

2. Do you admit that you failed to file the return on or about April 15, 2021, and May 17, 2021?

3. Do you admit that at the time you failed to file the return, you know you were required by law to file the return?

## FACTUAL BASIS

Beginning at least in or about August 2016, and continuing until at least in or about August 2020, in the Middle District of Florida, the defendant, Franklin L. CARTER Jr., knowingly and willfully conspired with Emmanuel M. Almonor ("Almonor"), Jonathan Carrillo ("Carrillo"), Diandre T. Mentor ("Mentor"), Adon O. Hemley ("Hemley"), Isaiah J. Hayes ("Hayes"), Abryle Y. de la Cruz ("Cruz"),

Kaylah Dacosta ("Dacosta"), and other individuals to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful government functions of the U.S. Internal Revenue Service ("IRS") in the ascertainment, computation, assessment, and collection of federal income taxes. CARTER and the other co-conspirators promoted and executed a scheme to unlawfully enrich themselves and others by making false claims to the IRS for tax refunds.

Specifically, CARTER and his co-conspirators prepared and filed, and caused to be prepared and filed, false and fraudulent U.S. Individual Income Tax Returns ("Forms 1040"), Schedule A forms, and Schedule C forms. The Schedule A forms falsely claimed, among other items, unreimbursed employee expenses, other taxes, and gifts to charity. The Schedule C forms falsely claimed, among other items, business income, business expenses, and business losses. The falsely claimed items in turn falsely reduced the taxpayers' stated income and enabled them to receive increased refunds to which they were not entitled. Because of the excessive tax refunds the members of the conspiracy obtained for taxpayers, they were able to charge high fees to the taxpayers that unjustly enriched the members of the conspiracy.

Between about August 2016 and continuing through about August 2020, CARTER worked for a tax preparation company that he owned and operated with Almonor and Carrillo named Neighborhood Advance Tax, LLC ("NAT"). During this time, CARTER, Almonor, Carrillo, Mentor, and other conspirators held

5

periodic training sessions at which they taught NAT employees how to prepare fraudulent tax returns. Specifically, these trainings taught NAT employees to falsify items on Schedule A and Schedule C forms in order to maximize each taxpayer's return. The trainings taught NAT employees that by obtaining higher returns for taxpayers, they could then charge higher fees of up to $999 per return, of which fees CARTER and other NAT tax preparers received a set percentage. The trainings further instructed NAT employees to, among other things, intentionally use non-even numbers on the tax returns when falsifying amounts so that the claimed amounts appeared more legitimate.

      CARTER began owning and operating NAT in 2016, and he began preparing tax returns for NAT around that time. While working at NAT, CARTER falsified information in Schedule A and Schedule C forms for dozens of tax returns to fraudulently maximize taxpayers' refunds. Additionally, as an owner, CARTER trained employees to prepare false tax returns for clients and oversaw the daily operations of NAT. The total tax loss for which CARTER was responsible while he was working for NAT was $10,508,753.

      One of the fraudulent tax returns that CARTER filed while working for NAT was the following:

| Date Filed | Taxpayer | Tax Year and Form | Amount of Schedule A Itemized Deductions and/or Schedule C Losses Reported | Tax Loss to IRS Resulting from Return |
|---|---|---|---|---|
| 3/27/2017 | C.B. | 2016 Form 1040 | $32,689 (Sch. A) $9,856 (Sch. C) | $7,284 |

Then, in 2021 after Almonor left NAT, CARTER and Carrillo decided to close NAT to start Taxmates ("TM") with Cruz. Most of the TM offices were located in prior NAT offices. While working for TM, CARTER continued to prepare and file fraudulent tax returns on taxpayers' behalf. CARTER also trained and caused other TM employees to prepare and file fraudulent tax returns on taxpayers' behalf, which included falsified information in Schedule C forms. The total tax loss for which CARTER was responsible while he worked for TM was $1,661,313.

Additionally, CARTER failed to file his own personal Forms 1040 for the tax years 2019, 2020, and 2021. CARTER was required to file income tax returns for those tax years because he would have had a filing status of single and his income exceeded $12,200; $12,400; and $12,550, respectively. CARTER's tax due and owing for those tax years would have been $265,621; $91,360; and $16,899, respectively. The total tax loss due to CARTER's failure to file his personal tax returns for those tax years was $373,880.

In sum, the total tax loss for which CARTER is responsible, including both the NAT conspiracy and the TM and other relevant conduct, is $12,543,946.

The above is merely a summary of some of the events, some of the persons involved, and other information relating to this case. It does not include, nor is it

intended to include, all the events, persons involved, or other information relating to this case.

        Respectfully submitted,

        GREGORY W. KEHOE
        United States Attorney

By:   */s/ Sarah Megan Testerman*
        Sarah Megan Testerman
        Assistant United States Attorney
        Florida Bar No. 0124884
        400 W. Washington Street, Suite 3100
        Orlando, Florida 32801
        Telephone: (407) 648-7500
        Facsimile: (407) 648-7643
        E-mail: megan.testerman@usdoj.gov

U.S. v. Franklin L. Carter Jr.            Case No. 6:24-cr-91-WWB-UAB

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Matthew Ferry
    Attorney for Defendant

                                        */s/ Sarah Megan Testerman*
                                        Sarah Megan Testerman
                                        Assistant United States Attorney
                                        Florida Bar No. 0124884
                                        400 W. Washington Street, Suite 3100
                                        Orlando, Florida 32801
                                        Telephone:  (407) 648-7500
                                        Facsimile:   (407) 648-7643
                                        E-mail: megan.testerman@usdoj.gov