## UNITED STATES DISTRICT COURT
## FOR THE
## MIDDLE DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**                                             **Case No: 6:24-cr-91-WWB-UAM**

**JONATHAN CARRILLO,**

**Defendant.**
_____/

### DEFENDANT'S SENTENCING MEMORANDUM

The Defendant, JONATHAN CARRILLO, by and through his undersigned counsel, submits this memorandum of law to guide the Court in imposing a fair sentence, based on the facts in this case, unique characteristics of the Defendant, applicable law, and defendants similarly situated as Mr. Carrillo.

On January 11, 2025, a superseding indictment was filed in the United States District Court for the Middle District of Florida, Orlando Division. Mr. Carrillo was charged with one count of Conspiracy to Defraud the United States in violation of 18 U.S.C. §371 and three counts of Aiding in the Preparation and Presentation of False Tax Returns in violation of 26 U.S.C. §7206(2).

The Presentence Investigation Report shows a Total Offense Level of 30 and Criminal History score of four, within the criminal history category of III. The

1

guideline computation calls for a maximum sentence of 151 months. Mr. Carrillo urges the Court to consider the totality of the circumstances and impose a sentence that is sufficient but not greater than necessary.  Mr. Carrillo offers the following in support.

## THE CHARACTERISTICS OF JONATHAN CARRILLO

Mr. Carrillo was born on October 29, 1989, in Queens, New York. He lived in Queens until the age of fifteen, when he relocated to the Central Florida area in 2004.  Mr. Carrillo has been a resident of the Central Florida community ever since, and has established strong ties to the community in Central Florida. Mr. Carrillo is the proud father of four children, and maintains daily communication with his family.  Mr. Carrillo also has a healthy and active relationship with his mother, father, sister, and stepfather who also resides in the Central Florida community.  Mr. Carrillo has been regularly self-employed and engaged in the management of trucking and e-commerce companies.

Despite a strong family unit, and gainful employment, Mr. Carrillo has had his struggles with substance abuse and mental health treatment.  Mr. Carrillo has been battling mental health issues for close to a decade, and began treatment as a youth.  In 2015, Mr. Carrillo attended inpatient mental health and drug treatment. Mr. Carrillo has consistently sought treatment with ongoing mental health

2

counseling through Better Help, as well as substance abuse treatment through an outpatient program.  On June 17, 2024, Mr. Carrillo was diagnosed with depressive disorder, anxiety disorder, alcohol use disorder, severe; cocaine use disorder; severe; other hallucinogen disorder; severe; and sedative, hypnotic, or anxiolytic disorder, severe. Considering Mr. Carrillo's maladies and pursuant to 18 U.S.C. §3582(a) a rehabilitative sentence and participation in the bureau of prisons Residential Drug Abuse Program (RDAP).[1]

Mr. Carrillo acknowledges the serious nature of the offense in which he has been charged, and on May 30, 2025, Mr. Carrillo entered a plea of guilty to one count of Conspiracy to Defraud the United States in violation of 18 U.S.C. §371 and three counts of Aiding in the Preparation and Presentation of False Tax Returns in violation of 26 U.S.C. §7206(2). Mr. Carrillo is aware that a conviction under 18 U.S.C. §371 carries a maximum sentence of five years and/or a maximum fine of $250,000.00 and that a conviction under 26 U.S.C. §7206(2) carries a maximum sentence of three years and/or a fine not exceeding $100,000 each.

Although in theory, a heavy-handed sentence is to deter future conduct, a punishment of imprisonment is not necessary to achieve adequate deterrence under 18 U.S.C. §371 and 26 U.S.C. §7206(2); rather a sentence of below the guideline range reflects the nature and circumstances of Mr. Carrillo's offense, history and

characteristics, and is sufficient, but not greater than necessary to serve the purposes of sentencing.

Mr. Carrillo understands that he committed a serious offense and is repentant and remorseful for his actions. When imposing a sentence, a district court must consider the following factors: the nature and circumstances of the offense and the history and characteristics of the defendant; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need for adequate deterrence; the need to protect the public; the need to provide the defendant with needed educational or vocational training, or medical care; the kinds of sentences available; the Sentencing Guidelines range; pertinent policy statements of the Sentencing Commission; the need to avoid unwarranted sentence disparities; and the need to provide restitution to any victims of the offense.[2]

The United States Supreme Court has rendered the Federal Sentencing Guidelines advisory in nature.[3] The court now has the flexibility to tailor a particular sentence in light of other statutory concerns. However, in light of the high court's *Booker* decision, district courts are now required to consider both the sentencing goals and the Sentencing Guidelines when imposing a sentence.[4] Furthermore the United States Supreme Court held that, although a district court is required to calculate the applicable sentencing guidelines range, the sentencing

4

guidelines are not presumptively reasonable or unreasonable.[5]  District courts have held that imposing a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of 18 U.S.C. § 3553(a) is the overarching command of the statute.[6]  District courts are free to determine on a case-by-case basis, the appropriate weight to be given to the guidelines and the various § 3553(a) factors when levying a sentence.[7]

The need to avoid unwarranted sentencing disparities among defendants who have been found guilty of similar conduct is also another factor for the courts to consider during sentencing.[8]  In this case several co-defendants have been sentenced, the court can look to these cases for guidance in administering an equitable sentence for Mr. Carrillo in this matter.  Co-Defendant Emmanuel Almanor was sentenced to a term of 57 months and with calculated loss of over $12 million dollars; Co-Defendant Adon Hemley sentenced to a term of 46 months; Co-Defendant Abryle De La Cruz sentenced to probation; Co-Defendant Kaylah Dacosta sentenced to probation; and Co-Defendant Isaiah Hayes sentenced to probation.  Imposing a sentence in excess of those administered to co-defendants that not only were similarly situated as Mr. Carrillo and received enhancements under the manager or organizer is inadequate and greater than necessary.  The PSR for Mr. Carrillo applied a four level adjustment based on Mr. Carrillo's organizer and owner, however it

5

should be clear that Neighborhood Advance Tax ("NAT") began operations in 2016, Mr. Carrillo had no affiliation with the business until 2017, so to suggest that Mr. Carrillo owned and operated NAT from its inception is quite sweeping.

Mr. Carrillo is prepared to be sentenced before this honorable court, for an extremely serious offense and conduct. Conduct that no one condones including Mr. Carrillo, however that conduct does not completely define who Mr. Carrillo is, and the contributions to society Mr. Carrillo can offer after he has completed his sentence.

## CONCLUSION

Based on the aforementioned factors the totality of circumstances, and in the interest of avoiding unwarranted sentencing disparity, we respectfully suggest that this Court should impose a downward variance that would allow Mr. Carrillo to participate in a residential drug treatment program. The purpose of sentencing which is punishment, deterrence, and rehabilitation, can be met with a sentence such as that. The imposition of such a sentence would be sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. §3553.

Respectfully submitted this 20th day of August, 2025.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that undersigned electronically filed the foregoing with the Clerk of Court (CM/ECF) by using CM/ECF system which will send a notice of electronic filing to Megan Testerman, Assistant United States Attorney, this 20th day of August 2025.

_____

Brice L. Aikens, B.C.S.
Fla. Bar No. 0025655
THE UMANSKY LAW FIRM
Post Office Box 533069
Orlando, Florida  32853-3069
(407) 228-3838
Fax (407) 228-9545
baikens@thelawman.net
Attorney for Defendant

7

---

[1] See <u>Tapia v. United States</u>, 564 U.S. 319 (2011).

[2] 18 U.S.C. § 3553(a).

[3] <u>United States v. Booker</u>, 543 U.S. 220 (2005).

[4] <u>United States v. Hunt</u>, 459 F.3d 1180 (11th Cir. 2006<i>)</i>; <u>United States v. Williams</u>, 435 F.3d 1350 (11th Cir. 2006).

[5] <u>Gall v. United States</u>, 128 S.Ct. 586, 595 (2007).

[6] <u>United States v. Riley</u>, 655 F.Supp. 2d 1298 (S.D. Fla. Sept. 5, 2009).

[7] <u>United States v. Lamonda</u>, 2008 WL 68744 (M.D. Fla. Jan. 2, 2008).

[8] 18 U.S.C. 3553(a)(6).