UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO.  6:24-cr-91-WWB-NWH

ABRYLE Y. DE LA CRUZ

### RESPONSE TO MOTION TO MODIFY CONDITIONS OF HOME CONFINEMENT AND SUPERVISED RELEASE TO ALLOW TRAVEL FOR WORK

On August 13, 2025, the defendant, proceeding *pro se*, filed a Motion to Modify Conditions of Home Confinement and Supervised Release to Allow Travel for Work. Doc. 440. For the reasons stated below, the United States does not oppose the requested relief.

### BACKGROUND

On August 21, 2024, the defendant pleaded guilty pursuant to a plea agreement to one count of conspiracy to defraud the Internal Revenue Service, in violation of 18 U.S.C.§ 371. Doc. 140; Doc. 156. Between her guilty plea and sentencing, the defendant moved for permission to travel for work-related purposes three times, which the Court granted. Doc. 318; Doc. 320; Doc. 332; Doc. 333; Doc. 388; Doc. 392. The defendant was sentenced on July 24, 2025, to time served followed by three years of supervised release. Doc. 417; Doc 427.

As part of the defendant's supervised release, a multitude of conditions were imposed, including home confinement. Doc. 427. Pertinent here, the defendant was ordered as follows: (1) "You must not knowingly leave the federal judicial district

where you are authorized to residence without first getting permission from the court or the probation officer"; and (2) "The defendant shall participate in the Home Detention program for a period of 24 months. During this time, you will remain at your place of residence except for employment and other activities approved in advance by the probation office." *Id.* at 4–5. Now, the defendant moves to modify her conditions of home confinement and supervised release to allow for permission to travel to Boston, Massachusetts and West Palm Beach, Florida in September for work-related purposes. Doc. 440. The defendant further requests the Court modify her conditions to allow for future work-related travel with prior approval from her supervising officer without the need for filing a motion with the Court before each trip. *Id.* at 1. This response follows.

## **MEMORANDUM OF LAW**

Federal Rule of Criminal Procedure 32.1 and 18 U.S.C. § 3583 govern modifications of supervised release. Specifically, "[b]efore modifying the conditions of . . . supervised release, the court must hold a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation," except where either (1) a person waives the hearing; or (2) the relief sought is favorable and does not extend the term of supervised release *and* an attorney for the government has received notice, been provided a reasonable opportunity to object, and does not do so. Fed. R. Crim. P. 32.1(c)(1)–(2).

Here, the United States does not object to the requested modification of supervised release, which is favorable to the defendant. Throughout this case, the

defendant has complied with conditions imposed by the Court, both pretrial release and now supervised release, including when permitted to travel for work-related purposes. *See, e.g.*, Doc. 318; Doc. 320; Doc. 332; Doc. 333; Doc. 388; Doc. 392. Because the defendant is requesting permission to travel solely for work-related purposes and has agreed to provide full itineraries to her supervising officer prior to the travel, Doc. 440, p. 1, the United States finds such modification appropriate to allow the defendant to travel as requested in September. Moreover, to avoid the expenditure of additional judicial and government resources, the United States does not oppose a modification to the defendant's conditions of supervised release to allow the defendant's supervising officer to approve any work-related travel in the future without the need for Court intervention.

                                                Respectfully submitted,

                                                GREGORY W. KEHOE
                                                United States Attorney

                                       By: */s/ Sarah Megan Testerman*
                                                Sarah Megan Testerman
                                                Assistant United States Attorney
                                                Florida Bar No. 0124884
                                                400 W. Washington Street, Suite 3100
                                                Orlando, Florida 32801
                                                Telephone:  (407) 648-7500
                                                Facsimile:   (407) 648-7643
                                                E-mail: megan.testerman@usdoj.gov

U.S. v. Abryle Y. De La Cruz                    Case No. 6:24-cr-91-WWB-NWH

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2025, a true and correct copy of the foregoing document and the notice of electronic filing were sent by United States Mail to the following non-CM/ECF participant(s):

Abryle Y De La Cruz
*Pro se* Defendant
543 Astera Winds Ln.
Lake Mary, FL 32746

                                              */s/ Sarah Megan Testerman*
                                              Sarah Megan Testerman
                                              Assistant United States Attorney
                                              Florida Bar No. 0124884
                                              400 W. Washington Street, Suite 3100
                                              Orlando, Florida 32801
                                              Telephone:   (407) 648-7500
                                              Facsimile:   (407) 648-7643
                                              E-mail: megan.testerman@usdoj.gov