# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

May 11, 2026

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number:  25-12628-EE
Case Style:  USA v. Adon Hemley
District Court Docket No:  6:24-cr-00091-WWB-NWH-6

Opinion Issued

Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing

The time for filing a petition for panel rehearing or rehearing en banc is governed by 11th Cir. R. 40-2. Please see FRAP 40 and the accompanying circuit rules for information concerning petitions for rehearing.

Costs

No costs are taxed.

Bill of Costs

If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, see FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees

The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Clerk's Office Phone Numbers

| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion

**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-12628
Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

ADON O. HEMLEY,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:24-cr-00091-WWB-NWH-6

————————————

Before NEWSOM, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Adon O. Hemley appeals his 46-month sentence for conspiracy to defraud the United States, under 18 U.S.C. § 371, and aiding in the preparation and presentation of false tax returns, under

26 U.S.C. § 7206(2).  On appeal, Hemley argues the district court procedurally erred by failing to adequately explain its sentence and not affording adequate consideration to his low risk of recidivism. After careful review, we affirm.[1]

## I.

We follow a "two-step process" when reviewing a sentence. *United States v. Trailer*, 827 F.3d 933, 935 (11th Cir. 2016).  First, we review the sentence for procedural reasonableness, assessing "whether the district court committed any significant procedural error, such as miscalculating the advisory guideline range . . . , failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* at 936.  Where a defendant fails to raise an issue before the district court, however, we review that issue only for plain error. *United States v. Defilippis*, __F.4th__, 2026 WL 1067115, at *10 & n.9 (11th Cir. Apr. 20, 2026).  "To establish plain error, a defendant must show that there was an (1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Utsick*, 45 F.4th 1325, 1332 (11th Cir. 2022).  "Where all three conditions are met, we may then exercise our discretion to notice a forfeited error, but only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

---

[1] We write only for the parties, who are familiar with the facts, so we omit a lengthy recitation.

In the second step of our "two-step process," we determine "whether the sentence is substantively reasonable in light of the totality of the circumstances and the § 3553(a) factors." *Trailer*, 827 F.3d at 935–36. "We review the substantive reasonableness of a sentence for an abuse of discretion." *United States v. Butler*, 39 F.4th 1349, 1354–55 (11th Cir. 2022); *see also United States v. Beaufils*, 160 F.4th 1147, 1163 (11th Cir. 2025) (explaining "[t]his standard allows for a 'range of choice for the district court,' as long as that choice is not a 'clear error of judgment'" (quoting *Rasbury v. IRS (In re Rasbury)*, 24 F.3d 159, 168 (11th Cir. 1994))). "In reviewing the [substantive] reasonableness of a sentence, we will not substitute our own judgment for that of the sentencing court and we will affirm a sentence so long as the court's decision was 'in the ballpark of permissible outcomes.'" *Butler*, 39 F.4th at 1355 (quoting *United States v. Rosales-Bruno*, 789 F.3d 1249, 1257 (11th Cir. 2015) (Opinion of E. Carnes, J.)). A party arguing a sentence is unreasonable bears "the burden of establishing the sentence is unreasonable in light of the record and the § 3553(a) factors." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). "[W]e have identified three ways in which a district court can abuse its discretion" and "impos[e] a substantively unreasonable sentence: (1) failing to properly consider a relevant sentencing factor that was due significant weight, (2) giving significant weight to a factor that was not relevant, or (3) committing a clear error of judgment by weighing the sentencing factors unreasonably." *Butler*, 39 F.4th at 1356; *see also United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).

## II.

Hemley's first argument is that the district court failed to explain the reasons for its sentence, as required under 18 U.S.C. § 3553(c). *See* 18 U.S.C. § 3553(c) ("The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence . . . ."). Yet, because he did not object in this respect below, we review his challenge only for plain error. *United States v. Steiger*, 99 F.4th 1316, 1324 (11th Cir. 2024) (*en banc*).[2] To establish plain error in this context, Hemley must show, among other things, that his "right to meaningful appellate review of [his] sentence" was impacted by the district court's error. *Id.* at 1325.[3]

Even assuming that Hemley could show error under § 3553(c)—which we doubt—he has not shown that his right to meaningful appellate review has been impacted. *See id.* The district court gave a detailed explanation for its sentence, noting several of the § 3553(a) factors and explaining why they justified a below-guidelines sentence. "[T]he district court's reasoning is clear

---

[2] Hemley asserts that a district court's failure to explain its chosen sentence is *per se* reversible under *United States v. Parks*, 823 F.3d 990, 997 (11th Cir. 2016). However, we recently overruled this portion of *Parks* in *Steiger*. *See* 99 F.4th at 1322–24.

[3] The government asserts that Hemley must show he would have received a different sentence to show plain error in this context. However, we rejected that argument in *Steiger*. *See* 99 F.4th at 1326 ("[T]he government argues that a defendant in Steiger's position must establish that he would have been sentenced to a lower sentence but for the Section 3553(c) error. The government's argument is unpersuasive . . . .").

on the face of the record," so Hemley "cannot establish plain error" on this issue. *Id.* at 1327.

### III.

Hemley has also not shown that his sentence is substantively unreasonable. *See Gonzalez*, 550 F.3d at 1324 (explaining that the party arguing a sentence is unreasonable bears the burden to show error). Under § 3553(a), a sentencing court must impose a sentence "sufficient, but not greater than necessary," to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, and to protect the public from future crimes of the defendant. 18 U.S.C. § 3553(a). Section 3553(a)'s "overarching" instruction to courts is that federal sentences must be sufficient, but not greater than necessary, to comply with Congress's stated purposes. *Kimbrough v. United States*, 552 U.S. 85, 101 (2007).

While Hemley argues that the district court did not expressly mention his low likelihood of recidivism when imposing the sentence, it was not required to do so. *See United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007) (explaining that a sentencing court's "failure to discuss . . . 'mitigating' evidence" does not indicate that the court "erroneously 'ignored' or failed to consider th[e] evidence in determining [the defendant's] sentence"); *Butler*, 39 F.4th at 1356 (explaining that a "court's acknowledgment that it has considered the § 3553(a) factors and the parties' arguments" is generally sufficient to show it has considered the issues

and arguments before it).  Moreover, the district court here did listen and note Hemley's mitigating arguments; it explained that it had reviewed the presentence investigation report, Hemley's character letters, and Hemley's sentencing memorandum.  In addition, the court identified and discussed relevant § 3553(a) factors when it announced its sentence.  Under the totality of the circumstances, this was sufficient to show that the district court did not "fail[] to properly consider a relevant sentencing factor that was due significant weight." *Butler*, 39 F.4th at 1356.  Moreover, Hemley does not argue—nor does the record show—that the district court "g[ave] significant weight to a factor that was not relevant" or "commit[ed] a clear error of judgment by weighing the sentencing factors unreasonably." *Id.*

The district court imposed a sentence that was well below the 11-year statutory maximum sentence and below the bottom of the guideline range, further indicating that the sentence is reasonable.  *See United States v. Dougherty*, 754 F.3d 1353, 1362 (11th Cir. 2014) ("A sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence."); *Gonzalez*, 550 F.3d at 1324 ("We ordinarily expect a sentence within the Guidelines range to be reasonable . . . .").  At bottom, Hemley has not shown that "the court's decision was '[outside] the ballpark of permissible outcomes.'" *Butler*, 39 F.4th at 1355 (quoting *Rosales-Bruno*, 789 F.3d at 1257).  Therefore, we affirm on this issue as well.

★        ★        ★

Hemley has not shown that the district court plainly erred in explaining its chosen sentence nor abused its discretion in selecting a 46-month, below-guidelines, sentence.  Therefore, we affirm.

**AFFIRMED.**