**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

 **Plaintiff,**

**v.**          **Case No: 6:24-cr-00091-AGM-NWH**

**ISAIAH HAYES,**

 **Defendant.**

            **/**

## DEFENDANT'S MOTION FOR DOWNWARD VARIANCE AND SENTENCING MEMORANDUM

Defendant  Isaiah Hayes by and through his undersigned counsel, respectfully moves this court for a downward variance and requests the court to sentence to a term of time-served, followed by a two-year term of supervised release. Mr. Hayes submits the following memorandum in support of sentencing to assist the court in fashioning a sentence that is "sufficient, but not greater than necessary, to comply with" the mandates of 18 U.S.C. § 3553(a).

## MEMORANDUM OF LAW

*United States v. Booker*, 543 U.S. 220 (2005), allows district courts to deviate from the guidelines and tailor the sentence in light of statutory

concerns if doing so would result in a reasonable sentence—*United States v. Booker,* 543 U.S. 220, 245 (2005). In doing so, the courts shall consider the guidelines but not presume that a guideline sentence is reasonable. *U.S. v. Agbai*, 497 F.3d 1226 (11th Cir. 2007). A district court has the freedom to tailor a sentence in light of other statutory concerns, and a judge can choose a sentence outside the Sentencing Guidelines so long as the judge has considered, and the sentence reflects, the statutory sentencing factors: the nature and circumstances of the crime, the need for the sentence imposed, the kinds of sentences available, and the like. *United States v. Henry*, 1 F.4th 1315, 1320-21 (11th Cir. 2021), See 18 U.S.C. § 3553(a). The district courts must use the Sentencing Guidelines as a starting point but have discretion to vary from them. *Id.* The ultimate goal is a reasonable sentence sufficient but not greater than necessary to comply with the purposes of sentencing outlined in 18 U.S.C. §3553(a). *United States v. Talley*, 431 F.3d 784, 785 (11th Cir. 2005).

### *Personal Characteristics of Mr. Hayes and Circumstances of the Offense*

Mr. Hayes understands the severity of the violations and not meeting the conditions of his probation. However, he is asking for a second chance. Mr. Hayes currently resides with his mother. With that

came many challenges. The family was recently evicted from their home. He is currently residing with a friend as his mother relocated to Gainesville. He cannot reside with his mother in Gainesville because Gainesville is located outside of the Middle District of Florida. He has spent this brief period of time on probation couch surfing due to unstable housing. In addition, the family has only one car, which belongs to Mr. Hayes's mother. His mother takes precedence when using the vehicle, as it is her vehicle and she is gainfully employed. Without a vehicle, he could neither actively search for employment in person nor complete his community service.

Mr. Hayes was employed for a short time at Underground Public House as overnight security before it abruptly ceased operations. The business reopened as a restaurant and bar, but Mr. Hayes was unable to return there due to a lack of transportation. He has been applying for jobs, though he has not received a call back. He expressed interest in asking probation for assistance in creating a resume that will increase his employability. Since he was unemployed, the Office of the Federal Defender attempted to connect him with Operation New Hope for his

community service hours. However, as explained above, he was unable to start due to his transportation issues.

Although he is 25, he is still relatively young. When his codefendants began the offense conduct, Mr. Hayes was only 15 years old. PSR ¶ 18. He joined the company at 19 and was indicted at 24. Mr. Hayes advised that he received little guidance as a child. His mother was consumed with work and making ends meet. He never knew his father. PSR ¶ 71. He has also expressed interest in having a mentor, an older man, to assist him in becoming a better man and finding his purpose. He wants to get his life back on track. Due to the difficulties, he desires to enlist in the military in hopes that it can give him purpose and direction in life. Mr. Hayes is still a kid, though 25 years of age, who is struggling to overcome obstacles. Incarcerating him will essentially be incarcerating him because he is poor.

## <u>CONCLUSION</u>

For the foregoing reasons, Mr. Hayes respectfully requests that the court impose a downward variance in his case, impose a sentence of time-served, followed by a new period of probation, as this will be sufficient

but not greater than necessary to satisfy the purposes of 18 U.S.C. § 3553

factors.

Respectfully submitted on the 26th day of May 2026.

CHARLES L. PRITCHARD
FEDERAL DEFENDER, MDFL

By:  *s/Aisha Ashley Nicole Nash*
Aisha Ashley Nicole Nash
Assistant Federal Defender
Florida Bar No. 1003499
Federal Defender's Office
201 South Orange Avenue, Suite 300
Orlando, Florida 32801
Tel:  407-648-6338
E-Mail: Aisha_Nash@fd.org

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the undersigned electronically filed the

foregoing *Motion for Downward Variance and Sentencing Memorandum*

with the Clerk of court (CM/ECF) by using the CM/ECF system which

will send a notice of electronic filing to S. Megan Testerman, Assistant

United States Attorney, this 26th day of May 2026.

By: *s/Aisha Ashley Nicole Nash*
Aisha Ashley Nicole Nash